UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY P. KITTREN,

    Plaintiff,

v.                                  Case No: 8:14-cv-612-T-36AEP

PATRICK DONAHOE,
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,

    Defendant.
_____/

## ORDER

This cause comes before the Court upon the Defendant Megan J. Brennan, Postmaster General, United States Postal Service's ("USPS") Motion for Summary Judgment (Doc. 30).[1] Plaintiff Jeffrey P. Kittren responded in opposition to the Motion (Doc. 32), and the USPS replied in further support of its Motion (Doc. 35). On November 30, 2015, the Court held oral argument on the Motion. *See* Doc. 39. The Court, having considered the parties' submissions, including the stipulation of agreed material facts (Doc. 38), and the oral argument, and being fully advised in the premises, will now GRANT the Motion.

**I.    STATEMENT OF FACTS[2]**

This litigation concerns the alleged retaliation inflicted upon Kittren by the USPS for filing a discrimination complaint. The situation arose as follows: Kittren was employed by the USPS as an electronics technician during the relevant time period. Doc. 38. On January 6, 2010, Kittren

---

[1] This action was filed on March 12, 2014 against Patrick R. Donahoe, in his capacity as Postmaster General (Doc. 1). Megan J. Brennan is the current Postmaster General.

[2] The Court has determined the facts, which are undisputed unless otherwise noted, based on the parties' submissions, stipulated facts, affidavits, and deposition testimony.

received a letter of warning for failing to provide medical documentation in connection with FMLA leave he took on January 2, 2010. Doc. 30-1. Kittren responded by filing an informal complaint alleging that he was given the letter of warning as a result of disability, age, and religious discrimination. *Id.* Apparently unsatisfied with the outcome of the informal complaint process, Kittren filed a formal Equal Employment Opportunity ("EEO") complaint on April 16, 2010 alleging race, sex, age, and disability discrimination in connection with the January 6 incident ("Case No. 23-10"). Doc. 30-2. On October 4, 2010, the USPS accepted Case No. 23-10 for investigation, and confirmed that the scope of the investigation would be whether Kittren had been discriminated against on the basis of his race, sex, age, and physical disability. Doc. 30-3. While Case No. 23-10 was pending, Kittren filed four EEO complaints, which are unrelated to the matter before this Court.

In November 2010, Kittren sought to amend his EEO complaint to include a claim for retaliation, alleging that on October 21, 2010, he had been listed as "deems desirable" requiring medical documentation whenever he called in sick in retaliation for filing his formal EEO complaint. Doc. 30-8. The USPS accepted the retaliation claim as an amendment to Case No. 23-10. *Id.* However, the USPS did not investigate the retaliation claim, but rather dismissed it on the merits, because the USPS found that Kittren had not been "aggrieved" as a matter of law by being listed as "deems desirable." *Id.*

In February 2011, Kittren requested a hearing before an Administrative Law Judge in Case No. 23-10. Ex. 1 to Doc. 32. The USPS subsequently filed a motion for summary judgment in Case No. 23-10, arguing that the undisputed facts demonstrated that Kittren had not been discriminated on the basis of his race, sex, age, or physical disability. Doc. 30-15. In December 2013, the Administrative Law Judge issued a dispositive decision finding that Kittren had not

shown he was the victim of illegal discrimination based on the allegations in his EEO complaint. Doc. 30-17. The USPS agreed with the Administrative Law Judge's findings and implemented her decision, thereby concluding the administrative proceedings in Case No. 23-10 and giving Kittren the right, *inter alia*, to file a civil action in federal court concerning the allegations in Case No. 23-10. Ex. 2 to Doc. 32 ("Final Action").

In his Complaint, Kittren asserts a single claim—that the USPS retaliated against him in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a). Doc. 1. The USPS now moves for summary judgment.

## II.     LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing that there is a genuine issue of material fact. *Id.* at 324. Issues of fact are "genuine only if a reasonable jury, considering the evidence present, could find for the nonmoving party," and a fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). In determining whether a

genuine issue of material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. *Celotex*, 477 U.S. at 323. However, a party cannot defeat summary judgment by relying upon conclusory allegations. *See Hill v. Oil Dri Corp. of Ga.*, 198 Fed. App'x 852, 858 (11th Cir. 2006).

**III. DISCUSSION**

The USPS argues that it is entitled to summary judgment for two reasons: *first*, Kittren has failed to administratively exhaust his retaliation claim; and *second*, Kittren has failed to establish a prima facie case of retaliation. At oral argument, the USPS conceded that Kittren had properly exhausted his retaliation claim in Case No. 23-10, Doc. 40 ("Tr.") at 3, and the Court agrees.[3] The Court also agrees with the USPS that Kittren has failed to establish a prima facie case of unlawful retaliation.

Title VII of the Civil Rights Act of 1964 forbids an employer from retaliating against an employee because the employee "opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of unlawful retaliation under Title VII, a plaintiff must show that "(1) [he] engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to the plaintiff's protected activities." *Little v. United Technologies, Carrier Transicold Division*, 103 F.3d 956, 959 (11th Cir. 1997).

---

[3] Specifically, Kittren's retaliation claim was accepted as an amendment to Case No. 23-10 and dismissed by the USPS on the merits (albeit prior to a formal investigation), which was then adopted by the USPS in the Final Action (albeit by implication). *See* Doc. 30-8; Final Action at 1 (noting that the agency had "reviewed the *entire record*, including the investigative file" and agreed with the Administrative Law Judge that Kittren "[had] not shown that [he] [was] the victim of illegal discrimination") (emphasis added).

4

The USPS does not dispute that Kittren engaged in statutorily protected activity by filing and prosecuting his EEO complaint in Case No. 23-10. The USPS argues, however, that Kittren has not established that he was subjected to an adverse employment action or that any employment action to which Kittren was subjected was causally related to his protected activities. The Court agrees with both points.

*First*, Kittren has not shown that he suffered any "adverse employment action." To constitute an adverse employment action for purposes of Title VII, an action must be of such a degree that "it might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006) (quotation marks and citations omitted). Here, the only purported retaliatory adverse employment action properly before the Court is that Kittren allegedly was listed as "deems desirable" on October 21, 2010.[4] Although not entirely clear, it appears that the only consequence of such a listing is that Kittren was required to bring medical documentation to prove that he was sick when he wanted to take medical leave. *See* Tr. at 8-9. Kittren wholly fails to explain how this requirement caused him any tangible economic harm or resulted in any substantial or material change to the terms, conditions, or privileges of his employment. *See, e.g.*, Doc. 30-8 at 2 ("By

---

[4] Being listed as "deems desirable" is the only retaliatory employment action that Kittren identified in Case No. 23-10, out of which this case arises. *See* Doc. 30-8. At oral argument, Kittren's counsel suggested that Kittren had been subjected to other adverse employment actions, such as verbal threats and harassment. *See* Tr. at 10-13. However, to the extent Kittren's claim is premised on such conduct, it is not properly before this Court, as no such allegations were raised in Case No. 23-10. Moreover, although Kittren points to the allegations in his other EEO complaints filed subsequent to Case No. 23-10 and argues that they illustrate the continued retaliation he suffered, he concedes, as he must, that he did not base (nor could he have based) the Complaint in this case on any of those allegations. *See* Doc. 32, Statement of Material Facts ¶¶ 7, 11, 14, 17. If Kittren wishes to bring claims premised on these other allegations, he must first pursue and exhaust them administratively. *See Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999) ("A federal employee must pursue and exhaust [his] administrative remedies as a jurisdictional prerequisite to filing a Title VII action.").

your own admissions, you indicated that you brought in the documentation to support your absence and nothing happened to you."). Therefore, as a matter of law, the imposition of this requirement did not constitute an adverse employment action. *See Holland v. Gee*, 677 F.3d 1047, 1057 (11th Cir. 2012) (noting that although a plaintiff need not prove "direct economic consequences in all cases," the action must result in a "*serious and material* change in the terms, conditions, or privileges of employment") (quotation marks and citations omitted, emphasis in original). Rather, it is clear that this requirement amounts to nothing more than a non-actionable "minor annoyance[]." *See Burlington Northern*, 548 U.S. at 68; *accord Reeves v. DSI Security Servs., Inc.*, 395 Fed. App'x 544, 547 (11th Cir. 2010) (holding that the plaintiff did not suffer an adverse employment action when, for example, his phone calls were ignored or when he was required to drive to another city to receive a reprimand).

*Second*, Kittren has not demonstrated that his being listed as "deems desirable" on October 21, 2010 was causally related to the filing of his EEO complaint in Case No. 23-10 on April 16, 2010. The only evidence of causation Kittren offers is the six-month temporal proximity between these events. *See* Doc. 32 at 15; Tr. at 14-15. However, as the Eleventh Circuit has made abundantly clear, a six-month proximity, standing alone, is insufficient as a matter of law to establish a causal link. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) ("[M]ere temporal proximity, without more, must be very close. . . . A three to four month disparity between the statutorily protected expression and the adverse employment action is not enough. . . . Thus, in the absence of other evidence tending to show causation, if there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law.") (quotation marks and citations omitted).

6

In conclusion, to the extent Kittren could possibly have any actionable retaliation claim arising from the apparently unhappy circumstances of his employment, any such claim was not raised in Case No. 23-10 and, therefore, is not a part of this instant lawsuit. For the reasons stated above, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion for Summary Judgment (Doc. 30) is **GRANTED**.

2. The Clerk is directed to terminate all pending motions and deadlines, enter judgment in favor of Defendant Patrick R. Donahoe, Postmaster General, United States Postal Service and against Plaintiff Jeffrey P. Kittren, and close this case.

**DONE AND ORDERED** in Tampa, Florida on December 18, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any